**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| EARNEST HUBERT SPRAYBERRY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CIVIL ACTION NO. 7:04-CV-71(HL) |
| | : | |
| DONALD BARROWS; | : | |
| MICHAEL NERVO; TED PHILBIN; | : | |
| KEVIN KINNEL; AL JONES; | : | |
| CAREY BARNES; ALLISON BOS; | : | |
| AND MARCUS DAME | : | |
| | : | |
| | : | **PROCEEDINGS UNDER 42 U.S.C. § 1983** |
| Defendant. | : | **BEFORE THE U.S. MAGISTRATE JUDGE** |

_____

**O R D E R**

Plaintiff **EARNEST SPRAYBERY**, filed the above-styled *pro se* civil rights complaint

pursuant to 42 U.S.C. § 1983, alleging the defamation of character and deliberate indifference to a

serious medical condition.  Plaintiff paid the filing fee as ordered by the court.

*I. STANDARD OF REVIEW*

Notwithstanding any filing fee or portion thereof that might have been paid, the court is required

to review prisoner complaints with a view toward dismissing the complaint or any portions thereof if

the complaint: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted;

or (3) seeks monetary relief against a defendant who is immune from such relief.  28  U.S.C. §§ 28

U.S.C. 1915A, 1915(e)(2).  An action is frivolous when the plaintiff's legal theory or factual

contentions lack an arguable basis either in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989).

In determining whether a cause of action fails to state a claim on which relief may be granted,

as contemplated by Federal Rule of Civil Procedure 12(b)(6), the court must dismiss "if as a matter of

1

law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with

the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but

ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon* **v.** *King & Spalding*, 467 U.S.

69, 73 (1984)).

In any § 1983 action, the initial question presented to the court is whether the essential elements

of a § 1983 cause of action are present.  First, plaintiff must allege that an act or omission deprived him

of a right, privilege or immunity secured by the Constitution or laws of the United States.  Second,

plaintiff must allege that the act or omission was committed by a person acting under color of state law.

*Parratt v. Taylor*, 451 U.S. 527, 535, *overruled in part on other grounds,* 474 U.S. 327 (1986).

## II.  PLAINTIFF'S ALLEGATIONS

Plaintiff alleges in his complaint that he requested that he be assigned to a different room with

a roommate who was more compatible with his classification status.  Plaintiff states that he presented

his request to each defendant.  Plaintiff also states that he pointed out to defendants that another inmate

in the same dorm as plaintiff had been moved upon the inmate's request.  Plaintiff states that he filed

a grievance against the defendants alleging discrimination.  Plaintiff alleges that defendants Kevin

Kinnel, Marcus Dame and Carey Barnes "maliciously accused" him of having homosexual relations.

Plaintiff states that the remarks made by these defendants defamed his character.

Plaintiff further alleges that the medical staff of Valdosta State Prison acted with deliberate

indifference to his serious medical condition by confiscating his back brace.  Plaintiff states that the

medical staff, under the direction of Al Jones, took a back brace that was issued to plaintiff by the

medical department of Philliips State Prison.  Plaintiff states that without his back brace he suffered

severe pain until he was finally issued another brace.

Plaintiff seeks injunctive relief and damages for emotional and mental stress for the alleged

defamation of character and slander resulting from the accusations that plaintiff is a homosexual. Plaintiff also seeks injunctive relief and damages for the physical injury suffered from the taking of his back brace.

### III.  DISCUSSION

*A.  Defamation*

Congress enacted the Prison Litigation Reform Act (PLRA) of 1996, which includes 42 U.S.C. § 1997e(e), in an effort to stem the flood of prisoner lawsuits in federal court.  ***Harris v. Garner***, 216 F.3d 970, 971 (11th Cir. 2000).  Section 1997e(e) bars recovery of damages  for mental or emotional injury where there is no connected physical injury.  ***See also Harris v. Garner***, 190 F.3d 1279, 1287-88 (11th Cir. 1999), *overruled on other grounds by* ***Harris v. Garner***, 216 F.3d 970 (11th Cir. 2000). Under § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  Therefore, the plaintiff must be able to establish that he suffered a physical injury that is more than *de minimis*. ***Id***.

Here, plaintiff may have claims against the defendants under another provision of state or federal law, but the claim of defamation as set forth in the complaint does not rise to the level of a constitutional denial or deprivation of rights, privileges or immunities as contemplated by 42 U.S.C. § 1983.

Accordingly, the undersigned hereby **RECOMMENDS** that claims against defendants Kevin Kinnel, Marcus Dame, and Carey Barnes be **DISMISSED** and that said parties be terminated as defendants herein.

*B.  Deliberate Indifference*

In ***Estelle v. Gamble***, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L.Ed.2d 251 (1976), the Supreme

Court held that "deliberate indifference to serious medical needs of prisoners constitutes the `unnecessary and wanton infliction of pain'. . . proscribed by the Eighth Amendment."  It is well settled that a denial of medical treatment amounts to an Eighth Amendment violation if the prison official demonstrated a deliberate indifference to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L.Ed.2d 251 (1976).  "Under section 1983 knowledge of the need for medical care and intentional refusal to provide that care has consistently been held to surpass negligence and constitute deliberate indifference,'" *Carswell v. Bay County*, 854 F.2d 454, 457 (11th Cir. 1988)(citing *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 704 (11th Cir. 1985)), and "repeated examples of delayed or denied medical care may indicate a deliberate indifference by prison authorities to the suffering that results," *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991)(citing *Bishop v. Stoneman*, 508 F.2d 1224 (2d Cir. 1974)).

Further, deliberate indifference may be shown by proving that there are "such systematic and gross deficiencies in staffing, facilities, equipment, or procedures that the inmate population is effectively denied access to adequate medical care." *Harris*, 941 F.2d at 1505.

Upon review of plaintiff's claim of deliberate indifference to a serious medical condition, the court finds that additional information is needed before making a proper evaluation of this claim. Therefore, plaintiff is **ORDERED** to supplement his claim by specifically naming who, under the direction of Al Jones made the decision to take his back brace.

Plaintiff is hereby given thirty (30) days from receipt of this order to submit the supplemented claim.  If plaintiff fails to respond to this order in a timely manner, the claim shall be dismissed as well as the defendant against whom the claim was made. Accordingly, there shall be no service of this complaint until further order of the Court.

*C. Remaining Defendants*

In addition to the defendants discussed in sections A and B of this order plaintiff has also named Warden Donald Barrows, Michael Nervo, Ted Philbin, and Allison Bos as defendants.  As to these remaining defendants, plaintiff has done nothing more than name them in the caption of the complaint. Therefore, the undersigned **RECOMMENDS** that Donald Barrows, Michael Nervo, Ted Philbin, and Allison Bos be **DISMISSED** and that said parties be terminated as parties herein.

## IV.  CONCLUSION

Pursuant to 28  U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this **RECOMMENDATION** with United States District Hugh Lawson, by filing the same in writing with the Clerk **WITHIN TEN (10) DAYS** after being served with a copy thereof.

**SO ORDERED** and **RECOMMENDED**, this 24th  day of May, 2005.


/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE